JOSEPH LASCHINGER v. ST. PAUL CITY RAILWAY COMPANY.

PATRICK O'BRIEN v. SAME.

THOMAS O'MARA v. SAME.[1]

November 8, 1901.

Nos. 12,703—(40).

### Verdict Sustained by Evidence.

Evidence considered in a personal injury action, and *held* that it sustains the verdict.

Separate actions in the district court for Ramsey county by Joseph Laschinger, Patrick O'Brien and Thomas O'Mara against

[1] Reported in 87 N. W. 836.

defendant St. Paul City Railway Company to recover damages for personal injuries. By consent the three actions were tried together before Jaggard, J., and a jury, which rendered separate verdicts; in favor of plaintiff Laschinger for $1,000, in favor of plaintiff O'Brien for $250, and in favor of plaintiff O'Mara for $50. From an order denying a motion for judgment in its favor notwithstanding the verdicts or for a new trial, defendant appealed. Affirmed.

*Munn & Thygeson*, for appellant.

*S. A. Anderson* and *Daly & Barnard*, for respondents.

START, C. J.

These are three separate actions against the defendant to recover for personal injuries received by the respective plaintiffs by reason of the same accident, due to the alleged negligence of the defendant. The cases were tried together as one action by stipulation of the parties, except that a separate verdict was returned in favor of each plaintiff for the damages sustained by him. The defendant appealed from an order denying its alternative motion for judgment or for a new trial.

The first claim urged by the defendant to be considered is to the effect that the evidence does not establish any negligence on the part of the defendant, but does conclusively show that the plaintiffs were guilty of contributory negligence. The plaintiffs were employed by the city of St. Paul, and were, on the evening of June 8, 1900, engaged in flushing the asphalt pavement on Fourth street with a hose five inches in diameter and some two hundred feet long, and attached to a hydrant. The hose was placed upon rollers two feet apart, to within fifteen feet of the nozzle, to which a harness was attached consisting of a surcingle, which was placed over the shoulders of the plaintiffs, held there by means of a strap, and fastened by a snap to a ring on the hose at the nozzle, whereby they were enabled to drag the hose wherever the work demanded. It was the duty of the plaintiffs to so pull the hose and handle the nozzle. It was the duty of a fourth employee of the city, James Hardigan, to keep the hose as straight as practicable, and in from the street car track, and out of the gutter, by means of an appliance known as a "broom."

While the plaintiffs were so harnessed and engaged, a car of the defendant passed them, and a bolt under the rear step of the car caught one of the rollers of the hose at a point some forty feet from the plaintiffs, whereby they were thrown into the air and to the ground, and injured. There was evidence on behalf of the plaintiffs tending to show that this result was due to the negligence of the defendant in running the car along the street at a dangerous rate of speed. The evidence offered by the defendant was to the effect that the car was going at a rate not to exceed four to six miles an hour,—a safe rate of speed,—and it is here urged on its behalf that the testimony on behalf of the plaintiffs is so inherently improbable and unreasonable that we should, as a matter of law, hold that the verdict on this question is not sustained by the evidence. The evidence presents a case of a radical conflict of evidence, and clearly a question for the jury.

It is also urged that the plaintiffs were guilty of contributory negligence because they did not observe that a part of the hose was in dangerous proximity to the street car track as the car was approaching, and release themselves from the harness and avoid the injury. There was evidence tending to show that the attention of the plaintiffs was required in managing the nozzle, and that it was not their duty, but that of others, to look after the position of the hose with reference to the track and gutter. The question of their negligence was unquestionably one of fact, as well as the question as to the cause of the collision.

Again, it is claimed that it conclusively appears from the evidence that Hardigan was negligent, and that his negligence must be imputed to the plaintiffs. The question of his negligence was one of fact, but, this aside, he and the plaintiffs were not the fellow servants of the defendant, nor does the evidence justify the claim that he was the agent of the plaintiffs, selected by them to watch for their safety.

Lastly, the defendant insists that the accident was the result of a mutual error of judgment or mutual negligence of both the plaintiffs and the trainmen. The evidence will not justify us in so holding as a matter of law. The question was correctly sub-

mitted to the jury by the learned trial judge, and their verdict thereon is sustained by the evidence.

Order affirmed.